UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL JOSEPH NILIO,

    Plaintiff,

v.                                      Case No. 3:20cv5528-LC-HTC

MARK INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Michael Joseph Nilio, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a first amended civil rights complaint in this action, seeking to assert claims under 42 U.S.C. § 1983.[1] ECF Doc. 10.  The amended complaint was referred to the undersigned for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.  Upon careful review, and for the reasons that follow, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE as malicious for abuse of the judicial process.  Specifically, Plaintiff failed to disclose a recent federal action he previously filed challenging his conviction.

---

[1] Plaintiff initiated this action by filing an initial civil rights complaint (ECF Doc. 1) in the United States District Court for the Middle District of Florida, and the case was then transferred to this Court.  ECF Docs. 6, 7.  Because this case was transferred from the Middle District, the initial complaint was not on this Court's required forms.  Thus, the undersigned directed Plaintiff to file an amended complaint on the correct forms.  ECF Doc. 8.

I.  **STANDARD OF REVIEW**

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

II.  **DISCUSSION**

A.  **Plaintiff Failed to Disclose His Complete Prior Litigation History**

Plaintiff's amended complaint was filed on this Court's official civil rights complaint form for prisoners in 42 U.S.C. § 1983 actions. ECF Doc. 10. At the end of the complaint, Plaintiff signed his name after the following statement: "I declare

under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 13-14. Despite that declaration, Plaintiff made a false representation in the complaint.

Section VIII of the complaint, titled PRIOR LITIGATION, specifically asks: "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 12. The form requires Plaintiff to identify and describe any and all cases responsive to the question. Plaintiff marked "Yes" in response to the question and disclosed a single prior case, *Nilio v. Sec'y, Fla. Dep't of Corr., et al.*, 3:19cv445 (M.D. Fla. Apr. 18, 2019), which remains pending in the Middle District. Thus, Plaintiff swore that, at the time he signed his amended complaint on June 15, 2020, he had filed only one (1) prior lawsuit in federal court either challenging his conviction or otherwise relating to the conditions of his confinement. Plaintiff's representation to the Court, however, was not truthful or accurate. To the contrary, at the time Plaintiff signed his amended complaint, Plaintiff had filed at least one (1) additional case challenging his conviction, which also remains pending in the Middle District.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but

failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed his amended complaint on June 15, 2020, he had filed under his name and Florida Department of Corrections Registration Number, 661106, at least the following undisclosed action:

> *Nilio v. Sec'y, Fla. Dep't of Corr., et al.*, 3:20cv499 (M.D. Fla. May 18, 2020) (a petition for writ of habeas corpus challenging Plaintiff's conviction, which remains pending).

Plaintiff did not disclose this federal action despite the complaint form's clear instructions.[2]

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff made a false representation in his complaint, as detailed above. Plaintiff knew from reading the complaint form that disclosure of *all* prior civil cases was required. Indeed, the complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case***." ECF Doc. 10 at

---

[2] The Court also reviewed Plaintiff's initial complaint (ECF Doc. 1), but the prior litigation was not disclosed on that form either.

13 (emphasis in original). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for him attempt to evade or undermine the purpose of the form. Indeed, as a district judge from this District recently stated in an order of dismissal for failure to disclose, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC at ECF Doc. 52. The Court, therefore, should not allow Plaintiff's false response to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). Moreover, because this is a recommendation of dismissal without prejudice, Plaintiff will not be prejudiced from bringing his claims in a new action.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2) and 1915A.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 9th day of July, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.